UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARIA COX, LINDA DAVIS,<br>MEAGAN MURPHY,<br>KELLY LEFLER and<br>TAMMY BUSCH,<br><br>                    Plaintiffs,<br><br>         v.<br><br>AZTAR INDIANA GAMING<br>COMPANY, LLC d/b/a<br>CASINO AZTAR,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:10-cv-127-TWP-WGH |

**ORDER ON DEFENDANT'S MOTION TO COMPEL
DISCOVERY RESPONSES FROM PLAINTIFFS**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's Motion to Compel Discovery Responses From Plaintiffs filed November 9, 2011 (Docket No. 39) and a Supplement to Motion to Compel Discovery Responses filed November 9, 2011, filed by Defendant on January 10, 2012 (Docket No. 51).  The parties conducted certain Rule 37.1 discussions, and the Magistrate Judge conducted a hearing on January 11, 2012.  The Magistrate Judge, being duly advised, now **GRANTS, in part,** and **DENIES, in part,** the Motion to Compel, as supplemented.

The central issue in this Motion to Compel is whether Plaintiffs Tammy Busch, Maria Cox, and Kelly Lefler must respond more specifically than they have done and identify which particular Bates stamped pages of their responses to the First Request for Production of Documents refer to each specific numbered request.  The Magistrate Judge enters the following rulings:

**I.      With respect to the Requests for Production for Ms. Busch:**

1.  Requests for Production 1, 3, 11, 12, 14, 16, and 17 are overbroad requests for production of documents and further supplementation is not required.

2.  With respect to Requests for Production 5, 6, 7, 9, 10, and 20, the Plaintiffs' index is a sufficient mechanism to respond in this case to allow the Defendant to reasonably ascertain what documents fit within those categories. No further supplementation is required as to these requests.

3.  Plaintiffs are directed to make a more specific response by page numbers with respect to Requests for Production 2, 4, 8, 13, 18, 19, and 21.

4.  With respect to Request for Production 15, Plaintiffs need not respond to this item; however, if documents are withheld from discovery on the basis of attorney-client privilege, a specific privilege log must be provided to the Defendant.

5.  With respect to Request for Production 22, Plaintiffs are ordered to produce any home computers or laptops that they have for inspection by the Defendant's counsel at the expense of the Defendant.  Defendant's counsel shall

produce within seven (7) days of the date of this order a proposed protocol for search, limiting the search to those words which are most likely to reflect communications relevant to this case and which shall be limited to a time period of six months before the first incident alleged in the Complaint to constitute sexual harassment and shall conclude one year after the date of the filing of this lawsuit.  If Plaintiffs' counsel objects to this protocol, counsel shall file an objection within fifteen (15) days of the date of this order.

6. With respect to Request for Production 23, the Magistrate Judge denies the request and sustains the objection because the authorization for search and release is unlimited.

**II.   With respect to the Requests for Production for Ms. Cox and Ms. Lefler:**

The Defendant's Requests for Production directed to Ms. Cox and Ms. Lefler are identical to those of Ms. Busch, except that Defendant inserted a new Request for Production 12.  This has caused different numbering of certain requests for production directed to Ms. Cox and Ms. Lefler than the numbers directed to Ms. Busch.  It is the Magistrate Judge's intention that the ruling as applied to Ms. Busch shall apply equally to Ms. Cox and Ms. Lefler.  With respect to Request for Production 12 directed at Ms. Cox and Ms. Lefler, Plaintiffs' index is a sufficient mechanism to respond in this case to allow the Defendant to reasonably ascertain what documents fit within this category.

### III. Order

The supplementation required by Plaintiffs pursuant to this order shall be completed within fifteen (15) days of the date of this order.  Defendant's request for fees is **DENIED.**

**SO ORDERED.**

Dated:  January 24, 2012

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

Rhett David Gonterman
ZIEMER STAYMAN WEITZEL &
   SHOULDERS LLP
rgonterman@zsws.com

Stephanie S. Brinkerhoff Riley
BRINKERHOFF RILEY, P.C.
ssbrinkerhoff@yahoo.com

Mary Lee Schiff
ZIEMER STAYMAN WEITZEL & SHOULDERS
LSchiff@zsws.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Lane C. Siesky
SIESKY LAW FIRM, PC
lane@sieskylaw.com

LINDA DAVIS
7811 Heim Rd.
Chandler, IN 47610

MEAGAN MURPHY
375 S. Third St., Aprt. 218
Burbank, CA 91502-1363